Electronically Filed by Superior Court of California, County of Orange, 05/27/2021 04:56:32 PM.
30-2021-01203056-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.
Case 8:21-cv-01192-JLS-KES Document 1-3 Filed 07/09/21 Page 1 of 19 Page ID #:50

Chris M. Heikaus Weaver, Bar No. 231907
Darren J. Campbell, Bar No. 223088
**Aitken Campbell Heikaus Weaver, LLP**
2030 Main St., Suite 1300
Irvine, California 92614
Telephone: (949) 236-4626
Facsimile: (949) 608-1562

Attorneys for Plaintiff
ERIC KATSOV

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE

| | |
|---|---|
| ERIC KATSOV, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NEOGENOMICS LABORATORIES, INC., a Florida Corporation; and DOES 1 through 150, inclusive,<br><br>Defendants. | Case No. 30-2021-01203056-CU-OE-CJC<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. NATIONAL ORIGIN/RACE-BASED DISCRIMINATION (GOVT CODE §§ 12940 ET SEQ);<br>2. FAILURE TO PREVENT DISCRIMINATION (GOVT CODE §§ 12940 ET SEQ);<br>3. RETALIATION FOR MAKING PROTECTED COMPLAINTS (GOVT CODE §§ 12940 ET SEQ);<br>4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; and<br>5. UNFAIR COMPETITION (BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ).<br><br>**Assigned for All Purposes**<br>Judge John C. Gastelum |

1
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

EXHIBIT A
5

## GENERAL ALLEGATIONS

1. At all times material to this Complaint, Plaintiff Eric Katsov was a resident of Orange County, California (hereinafter "Plaintiff").

2. At all times material to this Complaint, Defendant Neogenomics Laboratories, Inc. is a Florida Corporation with its principal place of business in Orange County, California (hereinafter "NGL").

3. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, including those designated herein as DOES 1 through 150, inclusive, are responsible in some manner for the occurrences and happenings, as well as such acts and omissions as are more fully alleged herein, and that Plaintiff's injuries, damages and losses, as alleged below, were and are the direct and proximate result of the actions or omissions of said Defendants.

4. Furthermore, each of the Defendants are sued as the principals, agents, partners, servants, employees, officers, directors, subsidiaries, corporate affiliates, alter egos, conspirators and co-conspirators, joint ventures of each of the remaining Defendants.  Each of the Defendants were acting within the course, scope and authority of such relationship, and with the knowledge, consent, approval or ratification of the remaining Defendants.

5. Does 1 through 150 are sued under the fictitious names pursuant to the Code of Civil Procedure section 474.  Plaintiff is informed and believes and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, partner and employee of the other Defendants and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the other Defendants.

6. Eric Katsov has over 25 years of software development experience.  Recognizing his skill, NGL hired Mr. Katsov in July, 2019.  Shortly after hiring Mr. Katsov, he was placed on a project to deliver a stage 1 prototype of a new NGL website.  Mr. Katsov was the only Caucasian assigned to the project.  In fact, the entire software development team is Indian.  The software team was led by Davinder Singh.  Eric and Sethuraman Balasubramanian (also a new hire) worked for two months writing code and developed a fully functional prototype of the website.

7. In November 2019, Davinder received funding for stage 2 of the website.  For reasons that cannot

be justified, Mr. Katsov was removed from the lead developer position and assigned a minor role in the stage 2 coding of the website. Radha Naraynan was assigned the lead developer role; despite the fact he did not write a single line of code in stage 1 and has not performed any software programming in the last 5 years. Additionally, Davinder brought on 10 new Indian software engineers for the project. Thus the project consisted of 15 Indians and 1 Caucasian.

8.      Not surprisingly after two months of coding, stage 2 of the project was fraught with gross mismanagement and missed deadlines. Feeling the pressure to deliver on stage 2, Davinder singled out Mr. Katsov for the project failures, set unrealistic deadlines for Mr. Katsov to fix the "teams" errors and instructed other team members to not collaborate with Mr. Katsov. Mr. Katsov was placed on an island so to speak and forced to rescue stage 2. In fact, on April 24, 2020 Mr. Katsov was threatened by Mr. Singh that if he did not fix all the errors in the website by May 1, 2020 he would be terminated. Being left with no choice based on the actions of his direct supervisors, Mr. Katsov reached out to Human Resources manager Erin Scott to complain about the race discrimination he was experiencing in the software development department.

9.      Approximately three weeks after Mr. Katsov complained about being discriminated against based on his race, he was informed by human resources that their investigation found nothing to substantiate Mr. Katsov's claims. One month after the completion of NGL's "investigation," Mr. Katsov was removed from the core website project all together. Mr. Katsov was removed from daily meetings. Mr. Katsov was removed from the email list regarding the website project.

10.     Mr. Katsov was assigned a new project to write software that would test all the code written by the other 10+ software engineers over the last 6-months period with a deadline set in 2 weeks; a completely unrealistic deadline. While Mr. Katsov was performing his tasks, the rest of the 10+ programmer team was constantly modifying their code which caused Mr. Katsov to chase a moving target and rewrite his software as well.

11.     While Mr. Katsov was still working on his project, he was suddenly assigned another very large engineering project that had a two-week deadline. The new project had six individual assignments with one assignment involving over one-thousand lines of code created by a seemingly incompetent software engineer. Mr. Katsov, facing obvious failure with a two-week deadline, was left with no choice but to send

an e-mail complaining about the obvious retaliation he was experiencing due to making a discrimination claim. Erin Scott acknowledged receiving his complaint, and attempted to brush it under the rug by claiming his original complaint had been "investigated" so why are you bringing it up again? Mr. Katsov's complaint was clearly for retaliation. Mr. Katsov's email to Ms. Scott listed out six examples of retaliation he had experienced. Plaintiff didn't hear from anyone at NGL for two months. Finally in January, 2021 he received correspondence from human resources stating their investigation found no evidence of retaliation and even went as far as to lie by stating Mr. Katsov voluntarily stepped out of meetings. One week after NGL completed its investigation Mr. Katsov was terminated. No other software developers were terminated by NGL.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES.

12. On or about May 19, 2021, Plaintiff had a complaint filed against Defendants with California's Department of Fair Employment and Housing ("DFEH") alleging multiple violations of California's Fair Employment and Housing Act ("FEHA"). Plaintiff immediately received a Right To Sue letter from the DFEH, which is attached as Exhibit A.

## FIRST CAUSE OF ACTION

## NATIONAL ORIGIN/RACE-BASED DISCRIMINATION (GOVT CODE §§ 12940 ET SEQ)

## (Against Defendant NGL and DOES 1-150)

13. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

14. Defendant NGL has been Plaintiff's employer since July, 2019.

15. At all times material to this action, the Fair Employment & Housing Act (the "FEHA"), embodied in Government Code section 12940 *et seq.*, was in full force and effect. The FEHA prohibits discrimination and harassment on the basis of race, national origin, and other protected characteristics. The FEHA also requires employers to take all reasonable steps to prevent unlawful discrimination and harassment in the workplace.

16. Plaintiff believes, and thereon alleges, that Defendant NGL is a qualified employer subject to the requirements of the FEHA.

17. Throughout Plaintiff's employment, Plaintiff was subjected to an unwanted, discriminatory, hostile

work environment on the basis of his Caucasian race and non-Indian national origin. Throughout his employment, including the last year of employment, Plaintiff was subjected to discriminatory conduct by his managers, including but not limited micro-managing and scrutinizing Plaintiff's work, removing Plaintiff from key projects and meetings, re-assigning Plaintiff's work to non-Caucasian, Indian employees, and assigning Plaintiff's projects with unrealistic timelines. His non-Caucasian, Indian co-workers were not subjected to the same scrutiny and micro-management that Plaintiff was subjected to. All of these acts were in an effort to harass, discriminate against, and intimidate Plaintiff. Ultimately, Plaintiff was terminated based on his race and national origin.

18. Plaintiff believes and thereon alleges that any claims of misconduct or performance issues as a basis for any disciplinary actions against Plaintiff are pretextual and meant to disguise the discriminatory reasons for his treatment.

19. As a direct and proximate cause of Defendants' unlawful discriminatory harassment of Plaintiff, he has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional distress in an amount that will be ascertained according to proof at trial.

20. Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of his FEHA claims against Defendants. Plaintiff is presently unaware of the precise amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

21. Defendants' violation of the FEHA was willful and malicious and in conscious disregard of Plaintiff's rights with the intent to vex, injure and annoy him, such as to constitute oppression, fraud and/or malice under California Civil Code section 3294. Defendants' conduct, as described above, was carried out by its officers, directors and or/managing agents, whose conduct was knowingly authorized and ratified by the officers, directors and/or managing agents of Defendants. Accordingly, Plaintiff is entitled to punitive damages in an amount appropriate to punish and make an example of Defendants.

## SECOND CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION (GOVT CODE§§ 12940 ET SEQ.)

### (Against Defendant NGL and DOES 1-150)

22. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

23. At all times herein mentioned, the FEHA, embodied in Government Code section 12940, was in full force and effect. This Act requires that employers prevent discrimination in the workplace.

24. Plaintiff believes, and thereon alleges, that NGL is a qualified employer subject to the requirements of the FEHA.

25. Defendants permitted, fostered, and engaged in discrimination against Plaintiff. Defendants have actively engaged in discrimination against Plaintiff, including wrongfully terminating his employment. As a result of Defendants' failure to prevent discrimination, Plaintiff was discriminated against based on his race. Plaintiff has suffered from stress and anxiety which has negatively impacted his physical and emotional condition due to Defendants' failure to prevent discrimination.

26. Plaintiff believes and thereon alleges that any claims of misconduct or performance issues as Defendants' basis for any disciplinary actions against Plaintiff are pretextual and meant to disguise the discriminatory reasons for his treatment.

27. As a direct and proximate cause of the discrimination, Plaintiff has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional distress and physical illness in an amount unknown, but according to proof at trial.

28. Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of his FEHA claims against Defendants, and each of them. Plaintiff is presently unaware of the precise amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

29. Based on Defendants, and their course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard for Plaintiff's rights and safety, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof at trial to punish Defendants, and the other defendants and deter similar conduct in the future.

# THIRD CAUSE OF ACTION

## RETALIATION FOR MAKING PROTECTED COMPLAINTS (GOVT CODE §§ 12940 ET SEQ)

### (Against Defendant NGL and DOES 1-150)

30. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

31. At all times herein mentioned, the FEHA, embodied in Government Code section 12940 was in full force and effect. This Acts prohibits employers from retaliating against employees who make protected complaints, including complaints regarding race discrimination.

32. Plaintiff believes and thereon alleges that Defendants are qualified employers subject to the requirements of the FEHA.

33. As discussed above, Defendants retaliated against Plaintiff by terminating Plaintiff from his employment after Plaintiff made complaints that Defendants was discriminating against Plaintiff on the basis of his race or national origin.

34. Plaintiff believes and thereon alleges that any claims of performance issues as Defendants' basis for retaliating against him are pretextual and meant to disguise the retaliatory reasons for his treatment.

35. As a direct and proximate cause of Defendants' retaliation against Plaintiff, Plaintiff has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional distress and physical illness in an amount unknown, but according to proof at trial.

36. Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of his FEHA claims against NGL, and the other defendants. Plaintiff is presently unaware of the precise amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

37. Defendants' violation of the FEHA was willful and malicious and in conscious disregard of Plaintiff's rights with the intent to vex, injure and annoy him, such as to constitute oppression, fraud and/or malice under California Civil Code section 3294. Defendants' conduct, as described above, was carried out by its officers, directors and or/managing agents, whose conduct was knowingly authorized and ratified by the officers, directors and/or managing agents of Defendants. Accordingly, Plaintiff is entitled to punitive

damages in an amount appropriate to punish and make an example of Defendants.

# FOURTH CAUSE OF ACTION

# WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendant NGL and DOES 1-150)

38. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

39. At all times material to this Complaint, the FEHA, embodied in Government Code section 12940 *et seq.* was in full force and effect. FEHA prohibits discrimination on the basis of race or national origin and prohibits retaliation against employees who engage in protected activity.

40. On or about February 1, 2021, Defendants violated public policy by acting arbitrarily and capriciously and terminating Plaintiff in violation of Plaintiff's rights under the FEHA.

41. Defendants terminated Plaintiff on the basis of his race, and because he had engaged in protected activity.

42. As a direct and proximate result of Defendants' wrongful termination of Plaintiff in violation of public policy, Plaintiff has sustained, and continues to sustain, damages in the form of lost income and emotional distress in an amount to be ascertained according to proof at trial.

43. Defendants' wrongful termination of Plaintiff in violation of public policy was willful and malicious and in conscious disregard of Plaintiff's rights with the intent to vex, injure and annoy him, such as to constitute oppression, fraud and/or malice under California Civil Code section 3294. Defendants' conduct, as described above, was carried out by its officers, directors and or/managing agents, whose conduct was knowingly authorized and ratified by the officers, directors and/or managing agents of Defendants. Accordingly, Plaintiff is entitled to punitive damages in an amount appropriate to punish and make an example of Defendants.

# FIFTH CAUSE OF ACTION

# UNFAIR COMPETITION (BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ)

### (Against Defendant NGL and DOES 1-150)

44. Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

45. Plaintiff believes and based thereon alleges that Defendants engaged in unlawful, unfair, and fraudulent business practices as described herein, including but not limited to, engaging in acts of discrimination, retaliation, and wrongful termination in violation of public policy.

46. As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent business practices, Plaintiff has lost money or property as described herein.  Accordingly, Plaintiff seeks to enjoin Defendants, and each of them, from further unlawful, unfair, and fraudulent business practices herein.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. General and compensatory damages including all lost wages, in a sum according to proof at time of trial;
2. Consequential and incidental damages in a sum according to proof at time of trial;
3. Damages for mental and emotional distress in a sum according to proof at time of trial;
4. General and special damages in a sum according to proof at time of trial;
5. Penalties in a sum according to proof at time of trial;
6. Payment of Plaintiff's reasonable and actual attorney fees in a sum according to proof at time of trial;
7. For costs of suit herein incurred;
8. Injunctive relief;
9. Pre-judgment interest at the legal prevailing rate;
10. Punitive and exemplary damages in a sum according to proof at time of trial;
11. Statutory penalties; and
12. For such other and further relief as the Court deems just and proper.
13. For such other and further relief as the Court deems just and proper.

Dated:  May 27, 2021              **AITKEN CAMPBELL HEIKAUS WEAVER, LLP**

By _____
Chris M. Heikaus Weaver
Attorney for Plaintiff
ERIC KATSOV

9
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**   EXHIBIT A
13

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: May 27, 2021          **AITKEN CAMPBELL HEIKAUS WEAVER, LLP**

By _____
Chris M. Heikaus Weaver
Attorney for Plaintiff
ERIC KATSOV

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                                     KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 19, 2021

Chris Weaver
2030 Main Street Suite 1300
Irvine, CA 92614

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202105-13490307
      Right to Sue: KATSOV / NEOGENOMICS LABORATORIES, INC.

Dear Chris Weaver:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A
16

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency         GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**         KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 19, 2021

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202105-13490307
Right to Sue: KATSOV / NEOGENOMICS LABORATORIES, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A
17

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                         GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                         KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 19, 2021

ERIC KATSOV

,

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202105-13490307
        Right to Sue: KATSOV / NEOGENOMICS LABORATORIES, INC.

Dear ERIC KATSOV:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 19, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

EXHIBIT A
18

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                        KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
ERIC KATSOV                                                                  DFEH No. 202105-13490307

                              Complainant,
vs.

NEOGENOMICS LABORATORIES, INC.
,
                              Respondents

---

**1.** Respondent **NEOGENOMICS LABORATORIES, INC.** is an **employer NEOGENOMICS LABORATORIES, INC.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **ERIC KATSOV**, resides in the City of **,** State of **.**

**3.** Complainant alleges that on or about **January 27, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's race, national origin (includes language restrictions) and as a result of the discrimination was terminated, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

**Additional Complaint Details:** Eric Katsov has over 25 years of software development experience. Recognizing his skill, Neogenomics Laboratories, Inc. (hereinafter "NGL") hired Mr. Katsov in July 2019. Shortly after hiring Mr. Katsov, he was placed on a project to deliver a stage 1 prototype of a new NGL website. Mr. Katsov was the only Caucasian assigned to the project. In fact, the entire software development team is Indian. The software team was led by Davinder Singh. Eric and Sethuraman Balasubramanian (also a

-1-
*Complaint – DFEH No. 202105-13490307*

Date Filed: May 19, 2021

EXHIBIT A
20

new hire) worked for two months writing code and developed a fully functional prototype of the website.

In November 2019, Davinder received funding for stage 2 of the website. For reasons that cannot be justified, Mr. Katsov was removed from the lead developer position and assigned a minor role in the stage 2 coding of the website. Radha Naraynan was assigned the lead developer role; despite the fact he did not write a single line of code in stage 1 and has not performed any software programming in the last 5 years. Additionally, Davinder brought on 10 new Indian software engineers for the project. Thus the project consisted of 15 Indians and 1 Caucasian.

Not surprisingly after two months of coding, stage 2 of the project was fraught with gross mismanagement and missed deadlines. Feeling the pressure to deliver on stage 2, Davinder singled out Mr. Katsov for the project failures, set unrealistic deadlines for Mr. Katsov to fix the "teams" errors and instructed other team members to not collaborate with Mr. Katsov. Mr. Katsov was placed on an island so to speak and forced to rescue stage 2. In fact, on April 24, 2020 Mr. Katsov was threatened by Mr. Singh that if he did not fix all the errors in the website by May 1, 2020 he would be terminated. Being left with no choice based on the actions of his direct supervisors, Mr. Katsov reached out to Human Resources manager Erin Scott to complain about the race discrimination he was experiencing in the software development department.

Approximately three weeks after Mr. Katsov complained about being discriminated against based on his race, he was informed by human resources that their investigation found nothing to substantiate his claims. One month after the completion of NGL's "investigation," Mr. Katsov was removed from the core website project all together, removed from daily meetings, and removed from the email list regarding the website project.

Mr. Katsov was assigned a new project to write software that would test all the code written by the other 10+ software engineers over the last 6-months period with a deadline set in 2 weeks; a completely unrealistic deadline. While Mr. Katsov was performing his tasks, the rest of the 10+ programmer team was constantly modifying their code which caused Mr. Katsov to chase a moving target and rewrite his software as well.

While Mr. Katsov was still working on his project, he was suddenly assigned another very large engineering project that had a two-week deadline. The new project had six individual assignments with one assignment involving over one-thousand lines of code created by a seemingly incompetent software engineer. Mr. Katsov, facing obvious failure with a two-week deadline, was left with no choice but to send an e-mail complaining about the obvious retaliation he was experiencing due to making a discrimination claim. Erin Scott acknowledged receiving his complaint, and attempted to brush it under the rug by claiming his original complaint had been "investigated" so why are you bringing it up again? Mr. Katsov's complaint was clearly for retaliation. Mr. Katsov's email to Ms. Scott listed out six examples of retaliation he had experienced. Plaintiff didn't hear from anyone at NGL for two months. Finally in January, 2021 he received correspondence from human resources stating their investigation found no evidence of retaliation and even went as far as to lie by stating Mr. Katsov voluntarily stepped out of meetings. One week after NGL completed its

-2-
*Complaint – DFEH No. 202105-13490307*

Date Filed: May 19, 2021

1  investigation Mr. Katsov was terminated.  No other software developers were terminated by NGL.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28  Date Filed: May 19, 2021

-3-
*Complaint – DFEH No. 202105-13490307*

EXHIBIT A
22

VERIFICATION

I, **Chris M. Heikaus Weaver**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On May 19, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Riverside, CA**

-4-
*Complaint – DFEH No. 202105-13490307*

Date Filed: May 19, 2021

**EXHIBIT A**
**23**